IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED<br>   TRADES INDUSTRY PENSION FUND<br>TIM D. MAITLAND, in his official capacity as<br>   a fiduciary,<br>FINISHING TRADES INSTITUTE,<br>   and<br>PAINTERS AND ALLIED TRADES LABOR<br>MANAGEMENT COOPERATION INITIATIVE<br>   and<br>POLITICAL ACTION TOGETHER FUND<br>7234 Parkway Drive<br>Hanover, MD 21076<br><br>                      Plaintiffs,<br>   v.<br><br>JOE BARRETT ENTERPRISES, INC.<br>a dissolved New York corporation,<br>d/b/a BARRETT ENTERPRISES<br>3775 State Hwy 30<br>Amsterdam, NY 12010,<br>   and<br>JOSEPH BARRETT<br>3775 State Hwy 30<br>Amsterdam, NY 12010<br>   and<br>TAMMY BARRETT<br>3775 State Hwy 30<br>Amsterdam, NY 12010<br><br>                      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Plaintiffs, by undersigned counsel, complain as follows.

## **JURISDICTION**

1.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C.

§§ 1132, 1145; 29 U.S.C. § 185(a); and/or 28 U.S.C. § 1331.  The claims asserted are all made

under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

2. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. § 1132(h).

## VENUE

3. Venue lies in the District of Maryland under 29 U.S.C. § 1132(e)(2), 29 U.S.C. § 185(a) and/or 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan") and the International Painters and Allied Trades Industry Annuity Plan ("Annuity Plan"). The Pension Fund is also known as and referenced as the "International Union of Painters and Allied Trades Union and Industry National Pension Fund" and its trustees "National Trustees" in the Labor Agreements relating to this complaint.

5. The Pension Plan is a "multiemployer plan," "employee benefit plan," and "employee benefit pension plan" within the meaning of 29 U.S.C. § 1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint. The Pension Plan is also known as and referenced as the "IUPAT Industry Pension Plan" in the Labor Agreements relating to this complaint.

6.      The Annuity Plan is a "multiemployer plan," "employee benefit plan," and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint. The Annuity Plan is also known as and referenced as the "IUPAT Industry Annuity Plan" in the Labor Agreements relating to this complaint.

7.      Plaintiff Tim D. Maitland ("Maitland") is a fiduciary of the Pension Fund within the meaning of 29 U.S.C. § 1002(21) with respect to collection of contributions due the Pension Fund and related matters. He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Pension Fund and the Pension Fund as an organization.

8.      The Pension Fund and Maitland are authorized collection fiduciary(ies) and agent(s) for:

   (a)   the Pension Plan,

   (b)   the Annuity Plan,

   (c)   the Finishing Trades Institute ("FTI"), and

   (d)   the Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI"); and

   (e)   the Political Action Together Fund, which includes the Political Action Together – Legislative and Educational Committee and Political Action Together – Political Committee (jointly or severally, "PAT Fund").

9.      FTI is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan," "employee benefit plan," and "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002(37), (1), and (3). The FTI maintains its principal place of business and is

796371_1.docx
PTINTF-36092

administered from an office in this district and is also known as and referenced as the "International Union of Painters and Allied Trades Finishing Trades Institute" and "I.U.P.A.T. Finishing Trades Institute" in the Labor Contract relating to this complaint.

10. LMCI is an entity that performs certain employer association functions, but is also an unincorporated organization established under 29 U.S.C. § 186(c)(9). The LMCI is also known as and referenced as "Painters and Allied Trade Labor-Management Cooperation Initiative," "I.U.P.A.T. Labor-Management Cooperation Initiative," or "LMCI" in the Labor Contract relating to this complaint. LMCI maintains its principal place of business and is administered from an office in this district.

11. The PAT Fund is an unincorporated association or fund established pursuant to 2 U.S.C. § 431 *et seq.* by the International Union of Painters and Allied Trades for the purpose of advancing the political interests of its members by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office. PAT is also known as and referenced as "IUPAT Political Action Together" in the Labor Contract relating to this complaint.

12. The Pension Fund and Maitland, in their capacity as authorized collection fiduciary(ies) and agent(s) sue on behalf of the Pension Plan, Annuity Plan, FTI, LMCI, and PAT.

13. The Pension Fund, Pension Plan, Annuity Plan, FTI and, as allowed by law, LMCI, are jointly or severally referenced as the "ERISA Funds." The ERISA Funds and LMCI are hereinafter jointly or severally referenced as the "Funds" and, altogether with Maitland, "Plaintiffs."

14. Defendant, JOE BARRETT ENTERPRISES, INC. is a dissolved New York corporation[1] and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption. Upon information and belief, Joe Barrett Enterprises, Inc. is doing business as Barrett Enterprises[2] ("Company"). Company does business with the Pension Fund that is sufficient to create personal jurisdiction over the Company in this district and a substantial part of the events or omissions giving rise to the claim occurred from transactions with the Pension Funds' office(s) in this district. Under New York law, the officers of a dissolved corporation cannot carry on business "except for the purpose of winding up its affairs." N.Y. Bus. Corp. Law § 1005.

15. Defendant JOSEPH BARRETT is an individual and an owner, officer, agent or managing agent of Company with a business or residential address as listed in the caption. They continued and conducted business as an unincorporated entity under the name of the Company after its dissolution on June 29, 2016 and are personally liable for Company's failure to comply with its contractual obligations under N.Y. Bus. Corp. Law § 720 after that date. According to the New York Secretary of State website, Joseph Barrett was Company's Chief Executive Officer.

16. Defendant TAMMY BARRETT (also "Guarantor") is an individual and an owner, officer, agent or managing agent of Company with a business or residential address as listed in the caption. They continued and conducted business as an unincorporated entity under

---

[1] According to the New York Secretary of State website, Company was dissolved by proclamation on June 29, 2016.
[2] Company also may be doing business as "Barrett Enterprises," a limited liability corporation, but there is no such entity registered in New York according to the New York Secretary of State website as of December 20, 2021.

the name of the Company after its dissolution on June 29, 2016 and are personally liable for Company's failure to comply with its contractual obligations under N.Y. Bus. Corp. Law § 720. Tammy Barrett signed the Labor Contract as an authorized representative of Company, and executed a Promissory Note ("Note") and Personal Guarantee ("Guarantee") and is personally liable to the Funds for the debts and obligations of Company.

## **COMMON FACTS**

17. At all times relevant to this action, the Company was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor Contract") with District Council No. 9, affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district council and International being referred to jointly as "Union"). A true and correct copy of a Labor Contract and signature page are attached collectively as Exhibit 1.

18. The Company also signed or agreed to abide by the terms of the Agreement and Declaration of Trust of the Pension Fund ("Trust Agreement"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the plan documents for the ERISA Funds. *See* Ex. 1, Labor Contract, Art. XX, Section 5. A true and correct copy of the Trust Agreement for the Pension Fund is attached as Exhibit 2. True and correct copies of the cover page, table of contents, §§10.07, 10.08, and 10.11, and signature page of the Pension Plan are attached collectively as Exhibit 3.

19. Under the Labor Contract, Trust Agreement, plan documents of the ERISA Funds or other documents, the Company agreed:

(a) To make full and timely payment on a monthly basis to the Funds, as required by the Labor Contracts, Trust Agreement and plan documents. Ex. 2, p.15 (Art.VI, §2); Ex. 3, §10.07.

(b) To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract. Ex. 2, pp.15-16 (Art.VI, §§3, 5).[3]

(c) To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreement or Plan. Ex. 2, pp.16-17 (Art.VI, § 6).

(d) To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b) and (c). Ex. 2, pp. 16-17 (Art.VI, §§4, 6); Ex. 3, §10.07.

(e) That when contributions become due and payable to the Funds, these amounts become plan assets of the Funds.

Defaulted Promissory Note

20. Company failed to make timely and/or complete contributions to the Funds for the period February 2017 through July 2018.

21. In order to resolve its delinquency with the Funds, on November 6, 2018, Company and Guarantor signed a Promissory Note ("Note") on behalf of Company, pursuant to which the Pension Fund and Company agreed that Company owed the Pension Fund

---

[3] Article I, Section 2 of the Labor Contract contains the work jurisdiction. Ex. 1.

$188,755.80 in contributions, $5,100.93 in interest through August 28, 2018, and $37,751.16 in liquidated damages for the period February 2017 through July 2018. The parties agreed that Company would pay the Pension Fund would conditionally waive $37,751.16 in liquidated damages if Company did not default under the terms of the Note, resulting in a Settlement Sum of $193,856.73 ("Settlement Sum") plus interest in twenty-four (24) consecutive monthly installments beginning in September 2018.

22. As part of the Note, Guarantor also signed a Personal Guarantee ("Guarantee") pursuant to which they accepted liability for all amounts Company owed to the Fund under the terms of the Note. True and correct copies of the Note and Guarantee are attached as Exhibit 5. The Note and Guarantee are agreements described in 29 U.S.C. § 185(a).

23. Company defaulted on the Note by failing to submit ten (10) of the 24 settlement installments and by failing to submit remittance reports and contributions for the period April 2020 through present.

Audit Delinquency and Remittance Reports

24. The Funds' auditors conducted a contribution compliance audit for the period January 1, 2017 through March 31, 2020. On February 1, 2021, the Funds' auditors sent a report of their findings that concluded Company owes delinquent contributions to the Funds, plus interest, liquidated damages, and audit costs, of at least $183,348.58 ("Audit Delinquency")

25. By email on May 24, 2021 from the Pension Fund's Collection Manager, the Pension Fund sent to Defendant Tammy Barrett and Company a notice of default on the Note and a demand for payment for the Audit Delinquency.

26. By letters dated June 17, 2021, and September 23, 2021, the Funds' counsel sent demands to Company for the Audit Delinquency; for the $91,251.10 of outstanding Note

payments and $37,751.16 of conditionally waived liquidated damages; and for missing remittance reports for the period April 2020 to present.

27. Despite several attempts to collect amounts owed, to date, the Pension Fund has not received payment for Company's Audit Delinquency and for the $91,251.10 of outstanding Note payments and $37,751.16 of conditionally waived liquidated damages.

28. As of the filing of this Complaint, Company owes the Funds at least $297,680.79.

29. The Pension Fund still has not received remittance reports for the period April 2020 to present.

30. All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## **COUNT I - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN**

**ERISA FUNDS
v.
DEFENDANTS**

31. The allegations of Paragraph 1 through 30 are incorporated by reference as if fully restated.

32. Based on information currently available to the ERISA Funds, Company has failed to pay amounts due under the Labor Contracts, Trust Agreement and Plan from January 1, 2017 through March 31, 2020 in violation of 29 U.S.C. § 1145, as detailed on the attached Exhibit 4.

33. The ERISA Funds are adversely affected and damaged by the Company's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against Defendants in favor of the Plaintiffs, for the

benefit of the ERISA Funds, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit, together with interest at the rate(s) prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreement, plan documents of the ERISA Funds, and 29 U.S.C. § 1132(g)(2).

      (2)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

**PLAINTIFFS**
**v.**
**DEFENDANTS**

      34.    The allegations of Paragraphs 1 through 33 are incorporated by reference as if fully restated.

      35.    The Company has not paid the Funds as required by the Labor Contract, and other documents incorporated by the Labor Contract, such as the Trust Agreement or plan documents of the ERISA Funds.

      36.    Based on information currently available to the Plaintiffs, Company has failed to pay amounts due under the Labor Contract, Trust Agreement and Plan from January 1, 2017 through March 31, 2020 in at least the sum of $183,348.58, as detailed on the attached Exhibit 4.

      37.    Plaintiffs have been damaged as a proximate result of the breach of Labor Contract and/or its incorporated documents by Company.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Defendants and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreement.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

### COUNT III – CONTRIBUTIONS UNDER PROMISSORY NOTE/ PERSONAL GUARANTEE

**PLAINTIFFS**
v.
**DEFENDANTS**

38. The allegations of Paragraphs 1 through 37 are incorporated by reference as if fully restated.

39. In addition to the amounts owed as set forth in Counts I and II, Defendants have not paid the Funds as required by the Note and Guarantee as detailed on the attached Exhibit 4.

40. Plaintiffs have been damaged as a proximate result of Defendant's breach of the Note and Guarantee.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Defendants and in favor of Plaintiffs, for the benefit of the Fund, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with

liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreement.

      (2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV – AUDIT

**PLAINTIFFS**
**v.**
**DEFENDANTS**

41.     The allegations of Paragraphs 1 through 40 are incorporated by reference as if fully restated.

42.     The amount of contributions the Company is required to pay to the Funds is based upon hours worked and paid to employees performing work covered by the Labor Contracts. Company is required to submit remittance reports on a regular basis and has not done so for the period April 2020 to present.

43.     Computation of the precise amount of an employer's delinquency is best achieved by an audit of the employer's books and records to compare them to contractually-required remittance reports submitted by the employer. In this case, since Company has not submitted reports for the period April 2020 to present, the Pension Fund requires an audit to determine the precise nature, extent and amount of the Company's delinquency for that period, if any.

44.     Further, Company is required by the Labor Contracts, Trust Agreements, plan documents of the Pension Fund and/or applicable law to permit the Pension Fund to audit its records, to cooperate in determining the contributions due the Pension Fund and to pay the cost of the audit if found to be delinquent.

45. The Pension Fund and its fiduciaries or officers are adversely affected or damaged by the lack of remittance reports as, among other things, they have a duty to confirm amounts due from contributing employers.

46. The Pension Fund and its fiduciaries or officers have no adequate remedy at law for lack of reporting as the calculation of any damages suffered as a result of the breach requires an audit.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of the Company and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due.

(2) Order the Defendants to pay for an audit by a Certified Public Accountant chosen by the Pension Fund, and

(3) Grant such other or further legal or equitable relief as may be just, necessary or appropriate.

### COUNT V - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

**PLAINTIFFS**
**v.**
**DEFENDANTS**

47. The allegations of Paragraphs 1 through 46 are incorporated by reference as if fully restated.

48. On information and belief, the Company failed to make contributions to the Pension Fund in violation of 29 U.S.C. § 1145 in a period not barred by an applicable statute of

limitations or similar bar.

49.     The Pension Fund is adversely affected or damaged by the Company's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     After an audit, enter judgment against the Defendants in favor of Plaintiffs, for the benefit of the Pension Fund, for the contributions found due and owing by the audit, together with interest at the rate(s) prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document(s) or statute(s), the cost of the audit, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment all as provided under the Trust Agreements, Plan and 29 U.S.C. § 1132(g)(2).

(2)     Grant such other or further legal or equitable relief as may be just, necessary or appropriate.

**COUNT VI - CONTRIBUTIONS UNDER CONTRACT – AFTER AUDIT**

**PLAINTIFFS**
**v.**
**DEFENDANTS**

50.     The allegations of Paragraphs 1 through 49 are incorporated by reference as if fully restated.

51.     Plaintiffs are damaged as a proximate result of the breach of the Labor Contract and its incorporated documents by Company with respect to any amounts found due in an audit.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Defendants and in favor of Plaintiffs, for the benefit of the Fund, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

(2) Grant such other or further legal or equitable relief as may be just, necessary or appropriate.

Respectfully submitted,

Date: 12/22/2021

JENNINGS SIGMOND, P.C.
/s/ Maureen W. Marra
MAUREEN W. MARRA
Bar Id. 21900
1835 Market Street, Suite 2800
Philadelphia, PA 19103
mmarra@jslex.com
Phone: (215) 351 0674
Fax: (215) 922-3524

*Attorney for Plaintiffs*

796371_1.docx
PTINTF-36092